**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JOHN BRIDENHAGEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 22 C 1871** |
| | ) | |
| **DEFENSE INTELLIGENCE AGENCY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

For the reasons stated below, and pursuant to 28 U.S.C. § 1915(e)(2), the Court directs the Clerk to enter judgment dismissing this case with prejudice. All remaining motions—most of which appear to be related to a request for appointment of counsel—are terminated as moot [42] [45] [46] [47] [48] [49] [50] [52] [53].

## Statement

Back in 2018-19, John Bridenhagen served a Freedom of Information Act (FOIA) request or series of requests on the Defense Intelligence Agency (DIA). DIA ultimately responded that it had conducted searches and had found no records responsive to his requests. Mr. Bridenhagen appears to have filed one or more internal appeals, which were denied. Mr. Bridenhagen filed the present lawsuit in April 2022. After an amendment to his complaint, summons was served on DIA. DIA answered as best it could, while noting that Mr. Bridenhagen's complaint was incomprehensible.

The Court entered an order on January 7, 2023 that stated, in relevant part, as follows:

The Court notes that defendant's answer is prefaced with a statement that plaintiff's complaint is "largely incomprehensible." The Court agrees with this assessment. The Court is therefore assessing whether to dismiss the complaint is [sic] incomprehensible and/or as frivolous pursuant to 28 USC 1915(e)(2). In this regard, the Court directs the plaintiff to file by 1/23/2023 a statement (which the Court will consider as an amendment to the complaint) that includes the following information: (a) The dates of any FOIA requests that the plaintiff sent to the defendant Defense Intelligence Agency; (b) If available, copies of any such requests; (c) The dates of Defense Intelligence Agency's responses to any FOIA requests by the plaintiff; and (d) If available, copies of any such responses. The Court will

consider the plaintiff's statement pursuant to this order along with the amended complaint in determining whether to dismiss the case.

Order of Jan. 7, 2023.  Mr. Bridenhagen filed an amended complaint as directed.  *See* Dkt. no. 44.

The Court has reviewed Mr. Bridenhagen's amended complaint.  It does clearly set out the dates on which he contends he made FOIA requests to DIA and the dates of the agency's replies.  He includes as attachments his FOIA requests.  They are, to be blunt, completely unintelligible, much as the body of his original complaint was unintelligible.  An example is the description, in the first FOIA request, of the documents Mr. Bridenhagen was requesting:

I am looking to see what domestic privatized intelligence and or other entity would be similar to chain of human custody, PIN credentials could have been assigned to myself and family as a result of the period of time 1984-1987, a sensitive time during which the Iran-Contra hearings [sic].  My only connection is [ILLEGIBLE] William Boyden and Susan Boyden false statements to myself about others involved in Central America and sensitive locations, Grenada duty.

Dkt. no. 44, p. 5 of 31.  Another request reads asks for the following documents:

References to myself by a person known to mislead William Boyden and his sister Susan Boyden.  The first reference date is Memorial Day weekend to reveal intelligence agency presence call CIA later known as enterprise.  To counter this he made references to reputations of myself and two other close friends through suggestions of being gay or other friend being bisexual.  His sister in front of a wedding reception called myself gay.  The Contra hearings is what he provided information about location of incidents and locations.  Tiger Island confronting a man about his identity in CIA referring to him as a jerk for not answering.  This in Honduras.

So are the documents using these two as references in a morally and characterizing way that would lead to contractual clause in beginning in 1984 to 1987 either found with outside sources or his background investigation like mine in the army through Fort Bragg, NC where we both had been stationed by the Pentagon.  The information he previously disclosed showed up in the hearings 2 1/2 years later.  The outside source employed uses contractual clause to specify for example by the FBI what the personal references allow?  What are the ramifications concerning these breaches like seen on the first installment of whistleblower series with Northrop Grumman in July 2018.  Do I find a definition of the word attrition in the request.

*Id.* at pp. 7-8 of 31 (emphasis in original).

These requests, and the others recounted in the attachments to Mr. Bridenhagen's amended complaint, are completely unintelligible and opaque. This alone would warrant dismissal of Mr. Bridenhagen's case.

That aside, the FOIA authorizes a district court to enjoin a federal agency from withholding agency records and to order the agency to produce records improperly withheld. *See, e.g., U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989). Thus a court may compel an agency to produce requested records where the agency has withheld agency records and has done so improperly. *Id.* After Mr. Bridenhagen served his requests, DIA did not refuse them and did not claim any exemption from disclosure. Rather, it responded to Mr. Bridenhagen's requests, saying for each that it had conducted a search and had found no responsive records. Nothing in Mr. Bridenhagen's complaint challenges the appropriateness of the agency's response. In other words, he alleges nothing in the complaint that so much as hints at an improper (or, indeed, any) withholding of agency records, as required to sustain a claim under the FOIA.

For these reasons, the Court concludes pursuant to 28 U.S.C. § 1915(e)(2) that Mr. Bridenhagen's claim in this case is legally frivolous. The Court directs the Clerk to enter judgment dismissing this case. All remaining motions—most of which appear to be related to a request for appointment of counsel—are terminated as moot [42] [45] [46] [47] [48] [49] [50] [52] [53].

Date: March 24, 2023

_____
MATTHEW F. KENNELLY
United States District Judge